DEBT on an administration bond on the estate of John "Wilson, deceased, dated the 11th of January, 1826. Narr. without suggesting breaches. Over granted. Pleas, non est factum; performance; and the act of limitation. Eeplication suggesting breaches, and issue on the plea of non est factum. To the plea of the act of limitation, replication precludi non, because John Wilson by his will, dated the 9th of November, 1825, did devise thus: "Item, it is my wish and desire that my estate shall, after taking out the legacies that I have given my daughter, be equally divided between my son, David James and daughter Elexine Wilson, when they arrive at the age of maturity;" that said Elexine married William Hazzard, the plaintiff, on the 9th of January, 1834, and she arrived at the age of twenty-one years on the 22d of June, 1840; and that this suit was brought within three years after she arrived at age or maturity. To this replication the defendant demurred.
Ridgely, in support of the demurrer, said the replication was not a sufficient answer to the plea. The act of limitation of 1829 provides that no action shall be brought upon an administration bond *Page 470 
after the expiration of six years from the date of such bond. The provision as to other bonds in the same act is different, and the difference is noticeable, as forming a designed distinction The legislature designed to make the limitation on administration bonds to commence from the date of the bonds; in all other cases the limitation begins to run only from the accruing of the cause of action. It is not competent for any man by his will to repeal or defeat the law of the land. Suppose A. by his will bequeaths to his son, then of full age, a legacy payable ten years after the grant of letters of administration. Would not the act of limitation bar the claim in six years after its date? The suit on the bond would be barred, though he had never any right of action within the six years; yet he would have a remedy in assumpsit, after the time of payment appointed had arrived. And though this may be regarded as a hardship, it is a necessary consequence of the policy of the law, that the sureties of an administrator, and the administrator himself, should not be officially responsible for a longer time than six years. There can be no doubt on the words of this act, that this bond is barred, and it is always safer to place the construction on the face of a law. (9 Law. Lib. 702-3;Dwarris 48, 52.) Does the proviso in section 6 take the case out of statute? "If the person entitled shall at the time of the accruing of such cause of action, have been under the disability of infancy, coverture," c. Who is the person entitled? William Hazzard the husband and not his wife. So decided by this court in the appeal from the Orphans' Court between these same parties. (Ante 348.)
The court in Shankland's case decided that the husband could not take any benefit under the saving of coverture, which is a personal saving to the wife, to be enjoyed by her after discoverture. No more can the husband be benefited by the wife's saving of infancy. The wife's interest may be protected as to her, both during infancy and during coverture, and her right of action may revive on the death of the husband, yet during the life of the husband he cannot take the benefit of the saving of the statute, which is a saving exclusively for his wife's benefit.
Houston. — It is not necessary for us to controvert the decision of the court in the former case, between these parties. This is a very different case. The former was a question whether the husband of a legatee, having suffered three years to elapse after his marriage, during all which time he had the power to except to this defendant's administration accounts, was not barred of his right to except; here *Page 471 
it is whether the husband and wife may not bring suit on the administration bond almost at the first moment at which either of them could bring the suit.
John Wilson by his will directed his daughter's share of his estate to be paid only when she attained full age; her marriage with the plaintiff did not accelerate the time of payment or give Hazzard any right of action before she came of age. The defendant entered into an administration bond, c. t. a., to settle and distribute the estate according to law, and according to the will. This was a contract on his part to pay when and as the will directed. This contract was entered into in 1826, and once entered into it was covered by the protection of the constitution of the United States, even against State legislation: It would not even be competent for the legislature to anticipate the time of payment, and direct it to be paid earlier. The contract was binding on both parties, just as the will and bond made it. Elcxinc Wilson had the right to receive, and the defendant was bound to pay, this money only as the will directed. And if the act of 1829, of limitation, is to have the effect to give Hazzard the power of suing before that time, or takes away from him and his wife the power to sue at that time, it is unconstitutional and void. I agree that limitation laws have not been held as violating the constitution of the United States; but a law that does not merely limit the time of bringing action, but altogether takes away the right of action, is unconstitutional and void. Such is the effect of the construction of the other side, which not merely limits the time of bringing suit, but takes it away altogether.
3d. The legislature designed in all cases to secure the parties entitled to distributive shares by bond and security. The law requires such bond in every case. And if there is any difference between cases where the estates may be settled immediately, and those where it must be postponed for many years, the necessity of extending the security of the bond to a remote settlement is stronger than that which provides security for the earlier payments. The proviso of the sixth section, both by its spirit and letter, saves to any person entitled to an action, the right of siring at any time within three years after the removal of any of the disabilities mentioned in the act. A statute is to be construed as near as may be to the common law, and to further the objects of the statute; to cure the evil, and advance the remedy. (9Law. Lib. 39-40.) The object of the act of limitation is to compel persons having a right to sue to do so within a reasonable time; not to take away the right of suit before it arises. The evil was, that any one "who had a right to sue might do so at any time; the object was to restrain, not to take away, the *Page 472 
right of suit. If Elexine Hazzard is barred by this act of limitation, she was barred for many years before she had a right of action; that is, her right to sue was limited before it accrued; a power isrestrained which does not exist. Even the words of a statute may be disregarded to effect its object. (2 Harr. Rep.
184, Luby vs. Cox; 9 Law. Lib. 61.)
Ridgely replied.
By the Court:
This is an action of debt brought under the act of assembly relating to bonds and penal sums, in the name of the State, for the use of William Hazzard and Elexine, his wife, late Elexine Wilson, against the defendant, upon the administration bond executed by him, as the administrator with the will annexed, of John Wilson, deceased, and by the sureties of the defendant, bearing date the 11th of January, 18,26. The suit is instituted to recover the share of said Elexine of the personal estate of her father, John Wilson, deceased; which, by his will, was directed to be paid on her attaining to the age of twenty-one years. The case presents a good and subsisting right of action in her, upon this administration bond, which she could not prosecute, because of the disability of infancy and the supervening disability of coverture; and which no person could prosecute for her, or in her right, sooner than the commencement of this suit. The only question submitted by the counsel on the argument of the demurrer, is whether this present action is barred by the act for the limitation of personal actions. The first section declares that "no action shall be brought upon the official recognizance of any sheriff, or upon any administration bond, or upon any testamentary bond, against either the principal or sureties, after the expiration of six years from the date of such recognizance or bond." The second, third, fourth and fifth sections relate to other personal actions. The sixth section provides "that if the person entitled to any action comprehended within either of the foregoing sections, shall have been, at the time of the accruing of the cause of such action, under disability of infancy, coverture or incompetency of mind, this act shall not be a bar to such action during the continuance of such disability, nor until the expiration of three years from the removal thereof."
The defendant's counsel insists that the present suit is barred by the positive terms of the first section, and is not within the protection *Page 473 
of the sixth; or in other words, that this action prosecuted by the husband,, for the use of himself and wife, is barred by the act of limitation before the right of action accrues. This proposition in itself untenable, is adverse to the object of all acts of limitation, which is to urge parties to prosecute their legal rights, and not to slumber over them; to quiet stale demands, but not to bar actions before the right to sue arises. In support of it the defendant's counsel contends, that this case comes within the principle decided by this court in the appeal from the Orphans' Court, between these same parties: that there the appeal, although taken by the husband in the name of himself and wife, was deemed to be his suit; because instituted by him in the exercise of his marital rights, and for his own exclusive use: that for the same reason, this present action on the administration bond, being instituted by him for his exclusive use and benefit, is to be considered as his suit; and as he is under no disability himself, he cannot be shielded by the infancy of his wife, and her supervening disability of coverture, and thus be protected by the sixth section from the operation of the first.
In answer to this argument, let us consider what was the principle decided in the appeal from the Orphans' Court. The present defendant, as administrator with the will annexed, of John Wilson, deceased, had passed several administration accounts before the register, upwards of three years prior to the marriage of William Hazzard, then of full age, with Elexine Wilson, then and for several years afterwards an infant. The eleventh section of the act for the limitation of personal actions, declares that no exceptions to an account of an executor, administrator or guardian shall be received in the Orphans' Court after the expiration of three years from the settlement of such account; and then provides that this limitation, in respect to any person under disability of infancy, coverture or incompetency of mind at the time of the settlement of any such account, shall begin to run from the ceasing of such disability, and not from the time of such settlement. The right to take exceptions to the accounts of the administrator with the will annexed, by way of appeal to the Orphans' Court, accrued to the said Elexine immediately upon their settlement by the register, and was saved to her by reason of her disability of infancy. This right passed to the husband at the time of their marriage; and he then, in the language of the constitution, became a party concerned in the settlement of the accounts. His right to take the appeal then accrued; and as there was then a *Page 474 
cause of action, a person competent to sue, a person competent to be sued, and a jurisdiction in which the suit might be maintained, this court decided that the act of limitation began to run against him from that time; and as he was then under no disability, and did not take the appeal until after the expiration of three years from the accruing of his right, he was barred by the act. This decision then is in direct opposition to the ground taken by the defendant's counsel. If his argument be correct, that the present suit is barred because instituted after the expiration of six years from the date of the administration bond; then for the same reason, the appeal to the Orphans' Court ought to have been barred, because it was taken more than three years from the date of the settlement of the administration accounts. But as the court decided that the act of limitation did not begin, to run against the husband until his right of appeal accrued; it follows, upon the same principle, that the act does not begin to run against him in the present case, until the accruing of the cause of action, namely: the arrival of his wife to the age of twenty-one years; and therefore, as this suit was instituted immediately after that period, the act of limitation interposes no bar.
In the appeal from the Orphans' Court between these parties, this court viewed the proviso or saving in the eleventh section of the present act of limitation, as substantially the same with that in' the former act (Del. Laws 890, vol. 2, sec. 2,) which, according to the plain import of its language, had respect only to persons laboring under the usual disabilities. It interposed to protect them, and not those who could assert their rights at any time before the expiration of the period of limitation. The latter were within the operation of the act; but against the former, it did not begin to run until the ceasing of the disability. Upon this ground Shankland's case was decided by the former Court of Errors and Appeals; and this court being of the opinion that the case between these parties, in the appeal from the Orphans' Court, fell within the principle of Shank-land's case, decided accordingly. But the proviso or saving in the sixth section of the act now in force, on which this case depends, differs from that in the eleventh section of the same act, and from the saving in the second section of the former act in vol. 2 Del. Laws 890. And although it was well observed in Murray vs. The East India Company,5 Bam. Aid. 205, that the several statutes of limitation beingin pari matcria, ought to receive an uniform construction, it may also be remarked, that where the expressions in two *Page 475 
several sections of the same act. and in the section of another act on the same subject, each containing a proviso, saving or exception from the limitation of certain actions are different, the reasonable inference is, that a different meaning was intended. The phraseology of the sixth section is peculiar to itself. The saving is to the action to which the person under disability is entitled. It does not declare that as to the persons under disability, the limitation shall begin to run at the ceasing of the disability; but that the action to which they are entitled shall not be barred by the act, during the continuance of such disability,
nor until the expiration of three years from the removal thereof. Why were the words "during the continuance of such disability"
inserted? If the legislature intended, as in the second section of the former, and in the eleventh section of the present act, merely to save to persons under disability the right to bring their action within a certain time after their disability ceased, the saving of the actionduring the continuance of the disability was nugatory; because during such continuance they are incompetent to sue or act for themselves; and therefore their rights would be equally well protected without such clause, by simply allowing them to bring their action within a limited time after the removal of their disability. It seems then, that it was intended in the sixth section of the present act, to allow the action to which a person under disability was entitled, to be prosecuted by a party in right of such person, during the continuance of such disability. At the time of the marriage of William Hazzard with Wilson, and for several years after, she was an infant; and thus was under the double disability of infancy and coverture. When the right accrues, on her attaining the age of twenty-one years, to demand from the defendant, as administrator with the will annexed, her share of her father's personal estate, she is still under the disability of coverture. She is then a person entitled to an action upon the administration bond of the defendant, and under the disability of coverture at the time of the accruing of the cause of such action. In positive terms it is declared, that the act shall not be a bar to such action during the continuance of suchdisability. And although the present suit, according to the argument of the defendant's counsel, is to be considered the husband's suit, and not the wife's; prosecuted by him for his, and not for her benefit; over which he has the whole control, and she none; the proceeds of which when obtained under judgment and execution, belong to him, and not to her; still it is an action to which she is entitled; and it is *Page 476 
only because she is so entitled that he has a right to prosecute it. or take any step respecting it. It would seem, therefore, by the very terms of the sixth section of the act of limitation now in force, that the legislature intended to avoid the principle established in Shank-land's case, and that such an action as the present should not be barred during the continuance of the disability of the person entitled to it.
The opinion of the court is, that judgment on the demurrer be rendered for the plaintiff.